CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

KEVIN YEH (CABN 314079)
Assistant United States Attorney

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     (415) 436-7063
     kevin.yeh@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> DONALD YOUNG, <br><br>     Defendant. | CASE NOS. 4:25-CR-156 YGR <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Hearing Date: February 19, 2026 <br> Time:        9:00 a.m. <br> Judge:     Hon. Yvonne Gonzales Rogers |

## INTRODUCTION

Defendant Donald Young sold guns and drugs to many people. According to his criminal history, he has been dealing narcotics for nearly four decades. *See* PSR ¶ 38. He has accumulated approximately 10 criminal convictions, the most recent of which was just months before he was indicted in this matter. PSR ¶ 47. In addition, he has had 13 arrests—including for multiple violent offenses—since he turned 21. PSR ¶¶ 53–65. He is, in short, a repeat offender.

To his credit, Young quickly accepted responsibility for his conduct and reached what the parties submit to be a just resolution of the pending charges. Pursuant to a plea agreement, Young has pleaded guilty to all five counts against him in the Indictment: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine and Methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C)

(Count One); Distribution of 10 Grams or More of a Mixture or Substance Containing a Fentanyl Analogue, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) (Count Two); Distribution of 5 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) (Count Three); Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count Five); and Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Seven).

For the reasons below and considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully requests that the Court accept Young's Rule 11(c)(1)(C) plea and sentence him to a term of imprisonment of **84 months**; four years of supervised release; forfeiture; and a special assessment of $100 per felony count.

## DISCUSSION

### I.    Young's Offense Conduct.

The United States generally agrees with the Presentence Report's description of Young's offense conduct. During its approximately two-year long investigation, which included two rounds of wiretaps, the government learned that Young was a prolific Oakland-based drug dealer operating out of his home. From there, he sold fentanyl, fentanyl analogue, cocaine, heroin, and methamphetamine, at pound quantities. Furthermore, despite being a felon multiple times over (including a state-level felon-in-possession conviction in 2021), Young was not only found with a trove of guns and ammunition in his residence when he was arrested, but also illegally possessed and sold guns on at least two occasions, as charged in the indictment.

### II.    Procedural History

On June 11, 2025, Young was indicted with three drug-related and two firearms-related counts, as detailed above. He has remained in detention ever since his arrest on those charges.

On November 20, 2025, Young pleaded guilty via plea agreement to all five counts against him. Sentencing is set for February 19, 2026, before this Court.

### III.    Sentencing Guidelines Calculation

The parties agree that the Guidelines calculation is as follows:

Drug Charges (Counts One, Two, and Three)

      a.   Base Offense Level, U.S.S.G. § 2D1.1(a)(4), (c) – based on

|  |  |  |
|---|---|---|
| 1,030.37 kg of CDW (413.6 net grams of methamphetamine and 20.317 net grams of fentanyl analogue): | | **30** |

Firearm Charges (Counts Five and Seven)

| | | |
|---|---|---|
| b. Base Offense Level, § 2K2.1(a)(1) – two or more controlled substance conv. | | 26 |
| Specific Offense Characteristic, § 2K2.1(b)(4)(A) – stolen firearm | | +2 |
| Adjusted Offense Level | | **28** |

Grouping Analysis

| | | |
|---|---|---|
| c. Grouping of Counts, § 3D1.4 | | 30+2 |
| d. Acceptance of Responsibility: | | -3 |

If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

| | | |
|---|---|---|
| e. Adjusted Offense Level: | | **29** |

The government agrees with the PSR that Young's criminal history category is IV. PSR ¶ 50. Offense Level 29 at CHC IV yields a Guidelines range of **121 to 151 months**.

**IV.    Applicable Law**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should first calculate the correct sentencing range under the Sentencing Guidelines. *See id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *See id.* at 991–93.

In arriving at the appropriate sentence, and in light of 18 U.S.C. § 3553(a), the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment

for the offense;

    (3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

    (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (5) the need to provide restitution to any victims of the offense.

## V.    Recommended Sentence and Section 3553(a) Factors

The government respectfully submits that a Guidelines sentence of **84 months** is sufficient, but not greater than necessary, to vindicate the considerations behind § 3553(a).  Here, a sentence of 84 months appropriately balances the § 3553(a) factors, recognizing the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence, as well as taking into account the history and characteristics of the defendant.

Young's relentless recidivism is both dispiriting and appalling.  Through his prolific drug dealing, he has undoubtedly contributed to a significant degree to the devastating drug crisis plaguing the Bay Area.  Young was no casual seller of narcotics; rather, he and his co-conspirators understood very well the timing and mechanics of the drug-supply chain, working to ensure that they had enough money to secure shipments when they came in.  *See* PSR ¶ 11; Plea Agr. ¶ 2.  In two controlled purchases alone, he sold approximately 200 fentanyl pills and a pound of methamphetamine to a confidential informant.

Young also acted as a middleman and sold two guns to the informant—one of them stolen, the other loaded.  He did so without any apparent concern for what the CI would do with the firearms or how his supplier sourced them.  His casual indifference to the considerable harm that could result from trafficking firearms is deeply disturbing.

Facing a sentence of up to 40 years in prison, Young could have forcefully litigated this case.  Instead, he quickly accepted responsibility and agreed to enter a C-plea to 84 months.  In doing so, he saved significant governmental resources that can be directed towards investigating and prosecuting other crimes by other individuals.

Young grew up in poverty and, unfortunately, did not choose a law-abiding path as many others

from similar circumstances nevertheless do.  Although he has two children who are now adults, as well as grandchildren, PSR ¶ 72, he never made the choice to cease his criminal conduct, opting instead to risk being held to account for his offenses and having his liberty taken away.

Young's age is now advanced, and he has serious health issues.  PSR ¶¶ 76–80.  He notes that he "wants to return home and be with his family" after serving his time in this case.  PSR ¶ 73.  The government believes that these circumstances make it far less likely that Young will re-offend, after a seven-year term of imprisonment.  Seven years, although well below Young's Guidelines range, is still a lengthy sentence by any measure.  At Young's current age, each year is ever more precious, and so the government agrees that a term of imprisonment of seven years is adequate and just punishment for the crimes detailed in the Indictment.

**CONCLUSION**

In full consideration of the goals of sentencing and for the reasons stated herein, the government respectfully recommends that the Court approve the parties' agreement and sentence Young to a term of imprisonment of 84 months.  The government also respectfully requests that the Court impose a four-year term of supervised release; forfeiture of the items in Paragraph 12 of the Plea Agreement; a special assessment of $100 per count; and a suspicionless search condition.[1]

DATED:  February 5, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

/s/
KEVIN YEH
Assistant United States Attorney

---

[1] The government also respectfully recommends imposition of a special condition as follows: "The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search.  Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion.  Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches."

U.S.' SENTENCING MEM.                    5
CASE NOS. 4:25-CR-156 YGR